McCALEB, Justice
(dissenting).
I think that Drs. Levy and Katz were negligent in that they both failed to provide plaintiff with any protection from a known danger. Initially, there can hardly be any doubt as to the soundness of the view of the Court of Appeal that the doctrine of res ipsa loquitur applies to the case. Therefore, the physicians carried the burden of proving that the accident did not proximately result from a lack of care on their part.
The Court of Appeal ánd the majority of this court are of the view that, since Drs. Levy and Katz are skilled specialists in their particular lines of endeavor and since the accident befalling plaintiff may be said to be inherent in this type of operation, they are not responsible as it is shown that they did all that was required of them by administering the anesthetic conformable to the usual practice and custom prevailing in such cases.
For my part, I believe that the doctors owed to plaintiff a duty of care over and above their skill. They were required to use diligence in guarding plaintiff against all foreseeable dangers which might be encountered in the performance of the op *631 eration. It is admitted by both physicians and is shown by the testimony of their expert, Dr. Adriani, that the use of the laryngoscope involves hazards, in cases where the patient has loose teeth, because one or more of the carious teeth may become dislodged when the instrument is inserted into the mouth. Therefore, Drs. Levy and Katz were, and should have been, aware of the danger as it cannot be gainsaid that some of plaintiff’s teeth, if not most of them, were carious. Albeit, the purpose of the operation was to remove all her teeth which were diseased as a result of pyorrhea. Accordingly, it will not do in my judgment to excuse these doctors from their plain lack of diligence, in failing to do anything to guard against this accident, to conclude that they did all that was expected of them because they were skillful and administered the anesthetic in the usual manner.
That they could have provided some protection to plaintiff is plainly shown by the evidence. Indeed, their own expert, Dr. Adriani, stated that he always takes precautions against the dislodging of a tooth under conditions like those presented here; that he does not report the patient ready for the operation (extraction) until he has made a check of the teeth; that he always inspects them before using the laryngoscope and that, if any are loose, he removes them ahead of time.
Therefore, since Dr. Katz did not take any of these precautions, it appears to me that she was negligent.
Dr. Levy stated that he made a casual' examination of plaintiff’s teeth before the operation and discovered that at least onei of them was loose. Under the circumstances, it seems to me that, as he knew the dangers attendant to the use of the laryngoscope, common prudence dictated that he be on hand during the insertion of the instrument in plaintiff’s mouth as he could have easily observed the dislodging of her upper front tooth, stopped further proceedings and, thus, averted the unfortunate-accident.
The majority opinion lays stress on plaintiff’s statement that there were no-loose teeth in her mouth, other than the one observed by Dr. Levy on the day he examined her, as one of the factors for concluding that the accident was unavoidable. But, if it be assumed that plaintiff was correct in saying that her front teeth, were sound (which I doubt), I still find it difficult to fathom how this helps the case of the defendants. On the contrary, it would appear that if good, strong teeth were knocked out in the performance of’ the operation, it would exhibit a plain case of negligence on the part of the physicians..
I respectfully dissent.